
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEGAN JAMES SALTER, | Cause No. CV 15-23-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, et al., | |
| Respondents. | |

This case comes before the Court on Petitioner Kegan Salter's application for writ of habeas corpus under 28 U.S.C. § 2254, filed on March 9, 2015. Salter is a state prisoner proceeding pro se.

**I. Background**

On December 16, 2015, after reviewing several pertinent documents from the record created in state court, this Court recommended that all but two of Salter's claims be denied. The two remaining claims alleged that Salter had an affirmative defense to the charge of conspiracy to commit custodial interference and that counsel was ineffective for failing to recognize and present it. As to those two claims, an answer was required from Respondents ("the State"). *See* Findings and Recommendation (Doc. 15); Order (Doc. 16). The State complied on January 21, 2016. *See* Answer (Doc. 19).

1

On January 26, 2016, Chief Judge Christensen adopted this Court's Findings and Recommendation. Order (Doc. 20).

Two days later, on January 28, 2016, the State gave notice that it had mailed its answer to Salter at an address on Sherwood Street in Missoula, based on information from Salter's probation officer. But the State's answer had been returned as undeliverable. *See* Notice (Doc. 21) at 2.

On May 5, 2016, Salter was ordered to state whether he intended to proceed with this matter and, if so, to provide his correct mailing address. Salter was advised that failure to respond to the order would result in a recommendation that his petition be dismissed for failure to prosecute. *See* Order (Doc. 22) at 2. The order was mailed both to Salter's address of record and to Missoula Probation and Parole. The order mailed to Salter's address of record was returned as undeliverable. *See* Returned Mail (Doc. 23). The order mailed sent to Missoula Probation and Parole was not returned.

Nonetheless, Salter failed to respond to the order. Salter has not communicated with the Court at all since he filed a notice of change of address over a year ago, on May 4, 2015. *See* Notice (Doc. 5).

**II. Dismissal for Failure to Prosecute**

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing Section 2254 Cases in the

2

United States District Courts or other applicable law. *See* Rule 11, Section 2254 Rules; *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## A. Five Factors

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Litigants who abandon their claims disrupt the Court's handling of other matters by consuming time and resources needed by litigants who participate in the cases they filed. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Despite pursuing a post-judgment motion to withdraw his guilty pleas in state court, Salter failed to exhaust the claims he now presents in this Court. *See* Findings and Recommendation (Doc. 15) at 9. His remaining claims may also be time-barred. These matters could not be decided without development of the record. The Court cannot develop the record if Salter is not going to participate in the action.

Moreover, on several occasions, Salter's attention was drawn to the importance of maintaining his current mailing address. On March 11, 2015, the clerk delivered a notice of case opening to Salter. Among other things, the notice advised Salter that he "must immediately inform the Clerk of Court of any change in your address. Failure to do so may result in dismissal of your case without notice to you." Notice (Doc. 3) at 2. Orders issued by the Court also informed Salter of the requirement. Orders (Doc. 4 at 2; Doc. 6 at 4; Doc. 10 at 2; Doc. 14 at 1-2; Doc. 16 at 6; Doc. 22 at 1); Findings and Recommendation (Doc. 15) at 17-18. Indeed, Salter filed one notice of change of address. Notice (Doc. 5).

It is impossible to proceed. This factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Again, it is impossible to develop the record without Salter's participation. The prejudice factor weighs in favor of dismissal.

### 4. Alternatives

There is no workable alternative to dismissal.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *See Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor always weighs against dismissal. However, most of Salter's claims have been decided on the merits. It is not unreasonable to infer that Salter knows his remaining claims are meritless, or he would not have abandoned the case. The weight of this factor is therefore slight.

## B. Conclusion

While the policy in favor of disposition on the merits weighs slightly against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, prejudice to the

Respondent, and the lack of meaningful alternatives conclusively weigh in favor of dismissal. The Court will recommend that the action be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

In his federal petition, Salter alleged that the statute defining the offense gave him a complete defense because he talked K. into returning home before he was arrested. Pet. (Doc. 1) at 4 ¶ 13A(i), and that counsel was ineffective because he did not inform Salter of the State's lack of evidence and did not properly

investigate the State's allegations. Further proceedings would be required to determine the merits of these claims, but Salter has abandoned them. Reasonable jurists might infer he abandoned them because he knows they will prove meritless. No reasonable jurist would suggest the Court might go forward with the case without Salter's participation. Reasonable jurists would therefore find no reason to encourage further proceedings.

In addition, Salter also claimed that counsel was ineffective because he proceeded to sentencing "the day after" undergoing brain surgery and refused to acknowledge Salter's objections; he led Salter to believe he faced 40 or more years with a persistent felony offender designation; and he failed to tell Salter he had filed a motion to dismiss based on statements made by K. and the State's lack of evidence. Pet. at 5 ¶ 13B(i). But the state court's record negated these claims. Counsel's brain surgery took place six weeks before Salter's sentencing, and Salter's sentence followed the plea agreement. Salter knew, before he pled guilty that he was too young to be designated a persistent felony offender. Disposition of the motion to dismiss would have required the trial judge to find facts in advance of a jury trial, something the court was unlikely to do. And, at the change of plea hearing, Salter acknowledged that he had discussed the facts with counsel as well as the likely outcome of a trial and chose to enter a guilty plea rather than testing his version of the facts at trial. None of these claims met either prong of the

*Strickland* test, so none made a showing that Salter was deprived of a constitutional right. Reasonable jurists would find no basis for disagreement.

A COA should be denied on all claims.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Salter's claims relating to an affirmative defense to the conspiracy charge should be DISMISSED under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. All other claims having already been denied, the Clerk of Court should be directed to enter, by separate document, a judgment of dismissal under Fed. R. Civ. P. 41(b) as to the claims relating to an affirmative defense to the conspiracy charge and a judgment in favor of Respondents and against Petitioner on all other claims.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Salter may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Salter must immediately notify the Court of any change in his mailing</u>

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

8

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of June, 2016.

_/s/ Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge